IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

KIONNE DEVAUGHN LEWIS,　　　　　§
　　　　　　　　　　　　　　　　§
　　　　Plaintiff,　　　　　　　　§
　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　§　　　2:26-CV-101-Z-BR
　　　　　　　　　　　　　　　　§
THE 142ND DISTRICT COURT,　　　　§
et al.,　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§
　　　　Defendants.　　　　　　　§

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS COMPLAINT**

Before the Court is the Complaint (ECF 3) filed by Plaintiff Kionne Devaughn Lewis while a prisoner in the Clements Unit of the Texas Department of Criminal Justice in Amarillo, Texas. His lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Lewis's Complaint be DISMISSED under 28 U.S.C. §§ 1915 and 1915A.

**I. STANDARD OF REVIEW**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual

1

contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483-84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the Court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

### A.    Factual Background.

On May 13, 2026, Lewis filed this lawsuit against the 142nd District Court, Judge Rogers ("Rogers"), District Attorney Laura Nordolf ("Nordolf") and Assistant District Attorney Todd Drexler ("Drexler"). (ECF 3 at 3). He complains that Defendants engaged in vindictive prosecution in connection with the criminal trial that led to his conviction. (*Id*. at 4). In its Briefing Order questionnaire, this Court notified Lewis that the 142nd District Court is not a jural entity capable of being sued, and that Rogers has absolute immunity from actions for damages arising out of acts performed in the exercise of his judicial functions. (ECF 10 at 2). The Briefing Order further notified Lewis that Nordolf and Drexler, as criminal prosecutors, are immune from civil damages

2

in connection with presenting the state's case. (*Id.*).

The Briefing Order asked Lewis to name a jural entity in lieu of the 142nd District Court and to explain the reasons he believes his claims overcome the individual  Defendants' immunity. (*Id.*). In his questionnaire response, Lewis outlines numerous complaints about his criminal trial, but fails to allege facts showing that he can overcome the 142nd District Court's non-jural status or the remaining Defendants' immunity from suit. In addition, Lewis fails to allege a physical injury that would entitle him to relief under the PLRA. Accordingly, Lewis's claims against Defendants should be dismissed as frivolous.

**B.     Lewis Fails to Allege Physical Injury Under the PLRA.**

Under the PLRA, no "[f]ederal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Fifth Circuit has held that this requirement "applies to all federal civil actions in which a prisoner alleges a constitutional violation." *Geiger*, 404 F.3d at 375. The application of Section 1997e(e) is based on "the relief sought, and not the underlying substantive violation." *Id.*; *see also Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 603, 605 (5th Cir. 2008) ("We have held that the application of [Section 1997e(e)] ... turns on the relief sought by a prisoner, and that it prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged.").

Lewis sues only for "financial compensation" and does not allege a physical injury. (ECF 3 at 4). Because he does not allege physical injury, he is not entitled to recover the compensatory damages he seeks.[1] *See Hill v. Fagan*, No. 1:16-CV-185-BL, 2018 WL 3244617, at *3 (N.D. Tex. June 4, 2018) (recommending dismissal of prisoner's claim for compensatory damages because

---

[1]Lewis seeks unspecified monetary damages and does not seek punitive damages or injunctive relief. (*Id.*).

prisoner failed to allege a physical injury arising from the purported due process violation), *R. & R. adopted by* 2018 WL 3242274 (N.D. Tex. July 3, 2018). Lewis's claims should be dismissed for failure to meet PLRA requirements.

**C.      Lewis's Claims Against The 142nd District Court and Rogers Are Barred.**

Under Federal Rule of Civil Procedure 17(b), in order to be sued, a "part[y] must have the capacity to sue or be sued." *See Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993); *see also* FED. R. CIV. P. 17(b) (capacity to sue or be sued). "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, 3:07CV-1476-M, 2007 WL 4403983, at * 2 (N.D. Tex. Dec. 17, 2007). State courts are not jural entities that may be sued. *See Fleming v. Sixth Dist. Ct. of Lamar Cnty.*, No. 4:20-cv-00025-RWS-CAN, 2020 WL 8299710, at *2 (E.D. Tex. Dec. 23, 2020), *R. & R. adopted*, 2021 WL 274444 (E.D. Tex. Jan. 27, 2021) (dismissing plaintiff's claims against a Texas state court with prejudice because state courts are non-jural entities not subject to suit); *Diggles v. Lindsay Law Firm PLLC*, No. 4:23-cv-4546, 2023 WL at 8874195 at *5 (S.D. Tex. Dec. 4, 2023) (same); *Story v. Ellis County Court 40th District*, No. 3:19-CV-1994-B-BN, 2019 WL 5580143, at *1-2 (N.D. Tex. Aug. 30, 2019); *Banargent v. Tex. Ct. of Criminal Appeals*, No. A-10-CA-358-SS, 2010 WL 2430766, at *1 (W.D. Tex. June 15, 2010) ("The 240th Judicial District Court of Fort Bend County is not a legal entity capable of being sued."). Because Lewis may not state a claim against the non-jural entity he purports to sue, his claim against the 142nd District Court should be dismissed.

The Briefing Order asked Lewis to specify the jural entities he intended to sue, and he named only the individual Defendants. Lewis's claims against Rogers stem from the judge allowing Lewis "to be prosecuted on a fallacy." (ECF 9 at 5). In short, Lewis's claims are based on actions taken by Rogers in his capacity and function as the presiding judge of Lewis's criminal

4

proceeding. *See Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978). As such, Lewis's claims against Rogers—whether for injunctive, declaratory, or monetary relief—are barred by judicial immunity and should be dismissed as frivolous. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-47 (1982); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Wightman v. Jones*, 809 F. Supp. 474, 476-79 (N.D. Tex. 1992).

**D.      Lewis's Claims Against Nordolf and Drexler Are Barred.**

Lewis's claims against Nordolf and Drexler stem solely from their prosecution of Lewis in his criminal trial. (ECF 3, 9). Criminal prosecutors are absolutely immune from civil suit for damages under Section 1983 in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This applies to the prosecutor's actions in initiating prosecution and carrying the criminal case through the judicial process. *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991); *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995). Because Lewis failed to allege facts showing that he can overcome Nordolf and Drexler's absolute prosecutorial immunity, his claims should be dismissed as frivolous.

**E.      Leave to Amend.**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed here, Lewis has failed to state a cognizable claim due to Defendants' immunity from suit. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.[2]

### III. RECOMMENDATION

---

[2]That notwithstanding, the 14-day objection period will permit Lewis another opportunity to proffer factual and/or legal bases, if any, to cure the deficiencies in his claims outlined herein.

For the reasons stated above, the Magistrate Judge concludes that Lewis's claims should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and he should be issued a strike within the meaning of 28 U.S.C. § 1915(g).

### IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 18, 2026.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275,

276–77 (5th Cir. 1988).