IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

KIONNE DEVAUGHN LEWIS

    Plaintiff,

v.

                                  2:26-CV-101-Z-BR

THE 142nd DISTRICT COURT, *et al.*,

    Defendants.

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss this case under 28 U.S.C. Section 1915(e)(2)(B) as frivolous and for failure to state a claim. ECF No. 10. An Objection to the FCR has been filed. ECF No. 11. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 10) is **ADOPTED** and this case is **DISMISSED with prejudice**.

LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

The Magistrate Judge filed her FCR on June 18, 2026. ECF No. 10. Plaintiff filed his Objection eight days later, on June 26, 2026. ECF No. 11. Because Plaintiff's Objection was timely, this Court reviews de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

Plaintiff does not make any specific objections to the Magistrate Judge's FCR. *See generally* ECF No. 11. Instead, he lodges four new allegations against the individual Defendants: (1) Judge Rogers bribed him not to file objections; (2) Defendant Nordolf and a third party[1] were "nice to [him]" so he would testify; (3) the Defendants published information out of his hearing at his trial; and (4) the Defendants "made up a phone call . . . to help [Plaintiff]." *Id.* None of these allegations appear clearly in Plaintiff's Complaint or supplemental questionnaire. *See generally* ECF Nos. 3, 9. The Court need not consider these new allegations that Plaintiff raises for the first time in his Objection to an FCR. *See Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) ("[T]he district court should not be compelled to ignore that the parties had a full and fair opportunity to present their best evidence to the magistrate judge."). Moreover, the allegations do not address the specific finding of the FCR: that the claims against these Defendants are barred by judicial and prosecutorial immunity. *See* ECF No. 10 at 4–5. Nor do they address Plaintiff's failure to allege physical injury, which is an independent reason to bar the claims. *See* ECF No. 10 at 3–4. Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous,

---

[1] The third party is likely Defendant Todd Drexler. *Compare* ECF No. 11 at 1 (accusing third party "Todd Medders" of being nice to Plaintiff), *with* ECF No. 9 at 1 (listing "Todd ~~Medders~~ [sic] Drexler" as a Defendant).

conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Because Plaintiff's statements fail to assert specific objections, Plaintiff's Objection is **OVERRULED**.

### CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 10) is **ADOPTED** and this case is **DISMISSED with prejudice**.

**SO ORDERED.**

July 13, 2026

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3